UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CYRIL NNADOZIE OKOLI,

                      Petitioner

-against-

SHANITA R. TUCKER; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

                      Respondent.

22-CV-1439 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner, who is currently residing in Nigeria after having been removed from the United States, brings this *pro se* petition for a writ of mandamus. He invokes 28 U.S.C. § 1361 and Massachusetts law as the basis for his claims and names as respondents the United States Citizenship and Immigration Services (CIS), and Shanita Tucker, the Field Office Director of CIS's Lawrence, Massachusetts Office. Petitioner seeks to compel Respondents to reverse the "unlawful denial" of his petition for adjustment of his status and "immediately grant [him] lawful permanent resident status." He also seeks a declaration that other CIS actions were unlawful. For the following reasons, this action is transferred to the United States District Court for the District of Massachusetts.

## DISCUSSION

    The venue provision governing Plaintiff's claims is 28 U.S.C. § 1391(e)(1), which provides that:

> [a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the

subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action . . . .

28 U.S.C. § 1391(e)(1). For venue purposes, "a natural person" resides "in the judicial district in which that person is domiciled." § 1391(c)(1).

Here, Petitioner currently resides in Nigeria.[1] The events giving rise to Petitioner's claims – the applications to CIS and CIS interviews – appear to have occurred in or around Essex County, Massachusetts, where the Lawrence, Massachusetts CIS office is located. Moreover, Petitioner has recently brought apparently similar actions against CIS in the District of Massachusetts, though access to documents in those cases is restricted under Rule 5.2 of the Federal Rules of Civil Procedure. *See Okoli v. Smith*, 1:21-CV-10419 (NMG) (D. Mass.) (petition for a writ of mandamus against CIS for "unlawful denial of adjustment"); *Okoli v. Tucker*, 1:22-CV-10316-DJC (D. Mass filed Feb. 24, 2022) (action against CIS and Shanita Tucker, CIS Field Director of CIS's office in Lawrence, Massachusetts).[2]

Because Petitioner does not reside here and the events giving rise to his claims took place in Massachusetts, venue does not appear to be proper under section 1391(e) in this judicial district. Venue does appear to be proper, under section 1391(e)(1)(B), in the District of Massachusetts, where the claims arose. *See* 28 U.S.C. § 101. The Court therefore transfers this

---

[1] An Immigration Judge ordered Petitioner's removal from the United States in 2019. *See Okoli v. Barr*, No. 20-851 (2d Cir. June 15, 2020) (addressing Petitioner Okoli's "petition and 19 motions, including motions for *in forma pauperis* status, a stay of removal, a writ of habeas corpus, and a writ of mandamus").

[2] The Second Circuit, in a decision addressing Petitioner's earlier petition for a writ of mandamus and application for review of the denial of adjustment of status, also indicated that the District of Massachusetts was a proper venue for Petitioner to seek relief. See *Okoli v. Barr*, No. 20-851 (2d Cir. June 15, 2020) (holding that Petitioner's challenge to the denial of his I-130 petition "may be brought in an action under the Administrative Procedure Act in the U.S. District Court for the District of Massachusetts (where . . . the office that denied his visa petition is located)).".

action, in the interest of justice, to the United States District Court for the District of Massachusetts. 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Massachusetts. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in this Court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 25, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge